**CHANG LI WU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondent.**

No. 02–4633.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Appellant.

Irene E. Dowdy, Assistant United States Attorney for the District of New Jersey (Christopher J. Christie, United States Attorney), Trenton, NJ, for Appellees.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

SUMMARY ORDER

Petition for review of an order of the Bureau of Immigration Appeals affirming an Immigration Judge's order of removal and denial of petitioner's application for asylum and withholding of deportation.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Chang Li Wu petitions for review of an October 1, 2002, order of the Board of Immigration Appeals (BIA) affirming, without opinion, an Immigration Judge's (IJ) June 15, 2000, decision denying Wu's application for asylum and withholding of deportation.

In his petition to this Court, Wu claims that the IJ misapplied the substantial evidence standard in evaluating Wu's claim, misapplied the standards governing past persecution, and misapplied the corroboration requirement in dismissing some evidence Wu provided to support his case.

We review the IJ's decision for "substantial evidence," deferring to the IJ's factual findings if "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Inconsistencies that "involve the 'heart of the asylum claim'" will provide an adequate basis for an adverse credibility finding. *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002) (quoting *Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990)).

Upon a thorough examination of the record, we conclude that substantial evidence supports the IJ's decision. Wu provided inconsistent testimony with respect to issues going to the heart of his asylum application, such as his communications with his wife after arriving in the United States. Moreover, Wu himself raised the possibility that he had provided key documents supporting his application, when in fact he had not. Finally, the IJ characterized Wu as at times "extremely unforthcoming," noting that Wu "really was unresponsive" and "not particularly forthcoming on any of the most basic questions regarding the events that he testified in accordance with." Thus, the IJ's decision is "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole," *Wu Biao Chen,* 344 F.3d at 275 (quoting *Diallo,* 232 F.3d at 287).

In his petition, Wu also argues that he is eligible for withholding of removal under the United Nations Convention Against Torture. However, Wu did not appeal this issue to the BIA, and therefore we have no jurisdiction to hear it. *See Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.